IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **REGINALD E. WINSTON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-389-F |
| ) | |
| **UNKNOWN OFFICERS, et al.,** ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Reginald E. Winston has attempted to file a civil rights action by filing a letter (ECF No. 1)[1] wherein he requests an "extension in the time deadline to file Bivens Act". Because the letter cannot be construed as a complaint, the Court should order dismissal. However, since the pleading defect is curable the Court should order dismissal, but should also *sua sponte* provide Plaintiff with leave to amend.

In federal court, any party must begin the action through the filing of a complaint. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). In this document, plaintiff must provide a short and plain statement of the basis for jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for relief. *See* Fed. R. Civ. P. 8(a). In discussing these requirements, the Tenth Circuit Court of Appeals has noted that "a district court might

---

[1] The undersigned recognizes the Clerk of Court's obligation to file documents that are submitted and the limitations on selections for opening various cases. Although the first entry of the Electronic Case File (ECF) indicates a Complaint, the initiating document is in fact a letter with a request to the Court for an extension of time within which to file a *Bivens* action.

helpfully advise a pro se litigant that, to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Winston indicated that he is intending to file the present action as a *Bivens* action. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). But the only document he has filed is a letter with a request for an extension to file an action. Motions are not used to begin an action. Instead, an action is initiated with the filing of a complaint. *See* supra p. 1.

## RECOMMENDATION

Because Mr. Winston has not filed a complaint or anything that could be construed as one, the Court should dismiss the action. In light of the curable nature of the pleading defect, however, it is recommended that this action be **DISMISSED without prejudice and with leave to amend within twenty one (21) days** of any order adopting this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

Mr. Winston is advised of his right to file an objection to this Report and Recommendation with the Clerk of Court by **May 14, 2015**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Mr. Winston is further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate

review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF THE REFERRAL

This Report and Recommendation **disposes of all issues** referred to the undersigned magistrate judge in the captioned matter.

ENTERED on April 27, 2015**.**

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE